People v Moultry (2025 NY Slip Op 51566(U))

[*1]

People v Moultry

2025 NY Slip Op 51566(U) [87 Misc 3d 1214(A)]

Decided on October 1, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2025
Criminal Court of the City of New York, Kings County

The People of the
State of New York

against
Shaun Moultry, Defendant.

Docket No. CR-003562-25KN

Tehilah H. Berman, J.

The issue is whether an accusatory instrument charging a defendant with criminal contempt
in the second degree must be dismissed in furtherance of justice and as facially insufficient when
records from another court indicate that the defendant did not violate the subject order of
protection. 
On January 22, 2025, Shaun Moultry ("defendant"), was arraigned on a misdemeanor
complaint charging him with criminal contempt in the second degree, PL 215.50(3). A person is
guilty of criminal contempt in the second degree when they engage in the following conduct:
"Intentional disobedience or resistance to the lawful process or other mandate of a court." PL
215.50(3). The complaint alleges that the deponent PO Cotto was informed by Gloria Moultry
that "defendant did state to the informant, in a conversation regarding the defendant visiting the
defendant and complainant's father that day, in sum and substance, tell Isaac not to visit my
father today." Isaac Moultry, the second informant, told the deponent PO that this was in
violation of a full order of protection issued by Honorable Arlene E. Katz in Westchester County
Family Court, in effect until 4/8/25, "ordering the defendant to refrain from communicating with
Shawn Moultry except for a true emergency." The relationship between the parties is that
defendant and Isaac Moulty are brothers and Gloria Moultry is their mother.
In accordance with the court's authority to take judicial notice of undisputed court records
and files [Khatibi v. Weill, 8 AD3d
485, 485 (2d Dept. 2004)]; Healing Art Acupuncture, P.C. v 21st Century Ins. Co.,
2018 NY Slip Op 50583(U), 2018 NY Misc. LEXIS 1358, *2-3 (App. Term 2d Dept. 2018)], this
court takes judicial notice of the underlying order of protection issued by Hon. Arlene E. Katz,
dated September 9, 2024, which directs Shawn Moultry [FN1]
to stay away from Isaac Moultry, and notes that the superseding information has a typographical
error in stating that defendant's alleged conduct was in violation of the order requiring him to
"refrain from communicating with Shawn Moultry." This court also takes judicial notice that the
order of protection contained no prohibition against contacting Isaac Moultry through
third parties. The nature of the allegation is that defendant told his mother to tell his brother Isaac
not to visit his father that day, which constitutes third party contact. It can be inferred that the
purpose of [*2]telling his mother was to prevent a violation of the
order of protection by running into him at his father's house, whom he planned to visit. This court
finds that defendant's conduct this did not constitute a violation of the order of protection.

The "essential elements of criminal contempt in the second degree are that a lawful order of
the court was in effect and was clearly expressed, that the defendant had knowledge of its
provisions . . . and that the defendant intentionally disobeyed it." People v Celifie (Guy),
2015 NY Slip Op 50466(U), 47 Misc 3d 133(A)(App. Term 2d Dept. 2015). Here, since
defendant did not intentionally or unintentionally disobey an order of the court, there is no
reasonable cause to believe that defendant engaged in criminal contempt in the second degree.

CPL § 170.40 (1) provides that the court may dismiss an information or misdemeanor
complaint in furtherance of justice when the prosecution of the defendant would constitute or
result in an injustice. In making this determination, the court must consider the evidence of guilt.
This court finds that the prosecution of defendant would constitute a grave injustice since there is
no evidence that he committed a crime. Accordingly, defendant's motion to dismiss is granted in
furtherance of justice. Given the absence of factual allegations in the complaint establishing that
defendant committed criminal contempt in the second degree, the accusatory instrument must
also be dismissed as jurisdictionally defective. People v Delvecchio (Sara), 2018 NY
Misc. LEXIS 4415, *4-5 (App. Term 2d Dept. 2018). This constitutes the decision and order of
the court.
Dated: October 1, 2025
Kings County, New York
Hon. Tehilah H. Berman
Judge of the Criminal Court

Footnotes

Footnote 1: The order of protection has a
different spelling, "Shawn" as opposed to "Shaun" named in the complaint, and the name in the
complaint appears to be an uncorrected typographical error.